IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| EDWARD MYLLMAKI<br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC;<br>JOSEPH WEEKS; HSBC BANK USA,<br>NATIONAL ASSOCIATION AS TRUSTEE<br>FOR THE HOLDERS OF ACE<br>SECURITIES CORP. HOME EQUITY<br>LOAN TRUST SERIES 2006-CW1 ASSET<br>BACKED PASS-THROUGH<br>CERTIFICATES<br><br>    **Defendants** | §<br>§<br>§<br>§<br>§   **Civil Action No.:**<br>§<br>§<br>§<br>§<br>§ |

## NANTIONSTAR MORTGAGE, LLC'S REMOVAL NOTICE

Nationstar Mortgage, LLC ("**Nationstar**") removes the action Edward Myllmaki, ("**Plaintiff**") filed in state court pursuant to 28 USC §§ 1332 and 1441 for the reasons set forth below.

### I.     STATEMENT OF THE CASE

**1.**     Plaintiff sued Nationstar, *et al* on March 13, 2023 in the Plymouth County Superior Court in case number 2383CV00207, styled *Edward Myllmaki v. Nationstar Mortgage, LLC; Joseph Weeks and HSBC Bank USA, National Association as Trustee for the Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2006-CW1 Asset-Backed Pass-Through Certificates* (Ex. 1, Complaint)  Plaintiff asserts **(1)** defendants misrepresented the terms, ownership, status and amounts due on the subject mortgage; **(2)** that plaintiff has no recollection of signing a Loan Modification Agreement in 2013;  **(3)** defendants failed to properly accelerate the debt per the terms of the subject mortgage;  **(4)** defendants failed to satisfy all pre-foreclosure requirements; and **(5)** defendants violated Massachusetts General Laws Chapter 93A.  Plaintiffs seek **(1)** to invalidate a

foreclosure sale conducted on August 16, 2022; (**2**) to validate their legal and equitable ownership of the property located at 266 Plain Street, Rockland, MA 02370 **("Property");** and (**3**) award actual, punitive and treble damages.

## II.  BASIS FOR DIVERSITY JURISDICTION

**1.** The court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a Massachusetts citizen while Nationstar Mortgage, LLC is a Delaware limited liability company, and is an indirect, wholly-owned subsidiary of a publicly-traded company, Mr. Cooper Group Inc. (formerly known as WMIH Corp.) ("Mr. Cooper").  Nationstar is directly owned by two entities: (1) Nationstar Sub 1 LLC (Sub 1) (99%) and (2) Nationstar Sub2 LLC (1%). Both Sub1 and Sub2 are Delaware limited liability companies. Sub1 and Sub2 are both 100% owned by Nationstar Mortgage Holdings Inc. ("NSM Holdings"). NSM Holdings is a wholly-owned subsidiary of Mr. Cooper. More than 10% of the stock of Mr. Cooper is owned by KKR Wand Investors Corporation, a Cayman Island corporation. HSBC Bank USA is a national banking association organized and existing under the laws of the United States of America, is not a publicly held company. HSBC Bank USA, N.A. is wholly owned by HSBC USA, Inc., which is indirectly owned by HSBC North America Holdings, Inc., which, in turn, is indirectly owned by HSBC Holdings plc, a United Kingdom corporation. HSBC Holdings plc has no parent corporation and no public company owns 10% of the shares in HSBC Holdings plc. Shares of HSBC Holdings plc are traded on certain foreign stock exchanges and are listed on the New York Stock Exchange as sponsored American depositary receipts.  The Defendant, Joseph Weeks ("Weeks") is, upon information and belief, a Massachusetts citizen who was fraudulently added to this matter for the sole purpose of destroying diversity.  Weeks was the highest bidder at the foreclosure auction held on August 16, 2022.  On September 29, 2022, Weeks elected not to proceed with the closing.  Weeks subsequently withdrew from the agreement to

purchase the property. Weeks has no involvement in the underlying issues in this matter (validity of mortgage, validity of loan modification, validity of foreclosure sale notices, etc.) **See below Paragraph 2 C. – "Fraudulent Joinder of Defendant, Joseph Weeks".**

2.  The amount in controversy exceeds $75,000. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

**A.  The real parties in interest are citizens of different states.**

1.  Plaintiff is a Massachusetts citizen because he is domiciled there and has not evidenced an intent to leave. *Rodriguez-Diaz v. Sierra-Martinez*, 853 F.2d 1027, 1029 (1st Cir. 1988). Plaintiff affirmatively pleaded his Massachusetts residence. (Ex. 1) Plaintiffs have resided in the state since at least 2006, when they executed a mortgage legally requiring they reside at the Massachusetts property. (Ex. 2, mortgage)[1] Plaintiff have since evidenced no intent to leave. *See also Rodriguez-Diaz*, 853 F.2d at 1029 (considering physical presence in the state for domicile).

2.  Nationstar Mortgage, LLC is a Delaware limited liability company, and is an indirect, wholly-owned subsidiary of a publicly-traded company, Mr. Cooper Group Inc. (formerly known as WMIH Corp.) ("Mr. Cooper"). Nationstar is directly owned by two entities: (1) Nationstar Sub 1 LLC (Sub 1) (99%) and (2) Nationstar Sub2 LLC (1%). Both Sub1 and Sub2 are Delaware limited liability companies. Sub1 and Sub2 are both 100% owned by Nationstar Mortgage Holdings Inc. ("NSM Holdings"). NSM Holdings is a wholly-owned subsidiary of Mr. Cooper. More than 10% of the stock of Mr. Cooper is owned by KKR Wand Investors Corporation, a Cayman Island corporation.

3.  HSBC Bank USA, N.A. ("HSBC") is wholly owned by HSBC USA, Inc., which is indirectly owned by HSBC North America Holdings, Inc., which, in turn, is indirectly owned by HSBC Holdings plc, a United Kingdom corporation. HSBC Holdings plc has no parent corporation and no

---

[1] Nationstar requests the court take judicial notice of Plaintiffs' mortgage, recorded at Book 32448, Page 36 in the Plymouth Registry of Deeds and attached as Exhibit 2.

public company owns 10% of the shares in HSBC Holdings plc. Shares of HSBC Holdings plc are traded on certain foreign stock exchanges and are listed on the New York Stock Exchange as sponsored American depositary receipts.

**4.** The Defendant, Joseph Weeks ("Weeks") is, upon information and belief, a Massachusetts citizen who was fraudulently joined in this matter for the sole purpose of destroying diversity. Weeks was the highest bidder at the foreclosure auction held at the Property on August 16, 2022. On September 29, 2022, Weeks elected not to proceed with the closing. Weeks subsequently withdrew from the agreement to purchase the property. Weeks has no involvement with the underlying issues in this matter (validity of mortgage, validity of loan modification, validity of foreclosure sale, etc.) **See below Paragraph 2 C. – "Fraudulent Joinder of Defendant, Joseph Weeks".**

### B. The amount in controversy exceeds $75,000.

5. The amount in controversy exceeds $75,000 because Plaintiff seeks equitable relief regarding a mortgage securing a $312,000 promise to repay. (Ex. 2, mortgage). He requests the court invalidate the foreclosure of the property, "Where the plaintiff seeks equitable relief, the amount in controversy is measured by the value of the object of the litigation." *Andrews v. HSBC Bank USA, N.A.*, 264 F. Supp. 3d 346, 348 (D. Mass. 2017). In foreclosure cases the amount in controversy is the value of the loan, which secures $312,000 on its face. (Ex. 2, mortgage). The value of the property exceeds $75,000.

### C. Fraudulent Joinder of Defendant, Joseph Weeks

6. Weeks was the highest bidder at the foreclosure auction held on August 16, 2022. Nationstar asserts Weeks is a dispensable party added by the Plaintiff solely for the purpose of attempting to destroy diversity. Weeks, while initially the high bidder at foreclosure auction, is no longer a party

to the sales transaction. On September 29, 2022, Weeks, through counsel, elected not to proceed with the closing and withdrew from the agreement to purchase the property. See email dated September 29, 2022 from Robert Cirafice, Esquire, attorney for Weeks Ex 3. On October 4, 2022, Nationstar, through counsel, mailed a letter to Week's counsel advising that his deposit would be retained by the bank, see Ex 4. Weeks has no involvement with the underlying issues in this matter (validity of mortgage, validity of loan modification, validity of foreclosure sale, etc.). Further, the allegation against Weeks regarding "trespass" is not germane to the central nucleus of facts and allegations contained in Plaintiff's Complaint regarding the subject Mortgage. Such allegations of trespass can and should be brought in a separate action and, in and of themselves, do not make Weeks an indispensable party to the claims and allegations against Nationstar or HSBC.

### III.    PROCEDURAL REQUIREMENTS SATISFIED

7.     Nationstar timely removes this action as Nationstar was served via email on March 28, 2023. Nationstar notified the state court of the removal and will file certified copies of all docket entries, records, and proceedings in the state court action within 28 days. L.Rs. 5.4(f) & 81.1(a).

### IV.     PRAYER

The court may exercise diversity jurisdiction.

Date: March 28, 2023                    Respectfully submitted,
                                        Nationstar Mortgage, LLC,


                                        */s/ Peter V. Guaetta*
                                        Peter V. Guaetta, Esq. (BBO #554786)
                                        GUAETTA & BENSON, LLC
                                        P.O. Box 519
                                        Chelmsford, MA 01824
                                        Tel: (978) 250-0999
                                        Fax: (978) 250-0979
                                        Peter_guaetta@guaettalaw.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2023, a true and correct copy of the foregoing was served as follows:

Brian J. Wasser, Esq
Realty Esquire, PC
P.O. Box 151
W. Hyannisport, MA 02672
**VIA CM/ECF AND EMAIL AND FIRST CLASS MAIL**
**LAWCLAIMS@MSN.COM**


                                        */s/ Peter V. Guaetta*
                                        Peter V. Guaetta, Esq.